1  JOHN C. KLOOSTERMAN, Bar No. 182625
   JORJA E. JACKSON, Bar No. 226707
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street, 20th Floor
   San Francisco, CA  94108.2693
4  Telephone:    415.433.1940
   Facsimile:    415.399.8490
5  E-mail: jkloosterman@littler.com
           jjackson@littler.com
6
   Attorneys for Defendant
7  NOVELLUS SYSTEMS, INC.

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                           SAN JOSE DIVISION
11

12 EQUAL EMPLOYMENT                        Case No.  C07-4787 JW (RS)
   OPPORTUNITY COMMISSION,
13                                         **DEFENDANT'S AMENDED NOTICE OF
                Plaintiff,                 MOTION AND MOTION TO DISMISS
14                                         [FRCP 12 (b)(6)] OR, ALTERNATIVELY,
        v.                                 FOR A MORE DEFINITE STATEMENT
15                                         [FRCP 12(e)]; MEMORANDUM OF
   NOVELLUS SYSTEMS, INC.,                 POINTS AND AUTHORITIES**
16
                Defendant.                 Date: February 4, 2008
17                                         Time: 9:00 a.m.
                                           Courtroom: 8
18                                         Judge: Honorable James Ware

19                     **NOTICE OF MOTION AND MOTION TO DISMISS**

20 TO:   PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AND ITS

21 ATTORNEYS OF RECORD:

22         YOU ARE HEREBY NOTIFIED that, on February 4, 2008, at 9:00 a.m. in

23 Courtroom 8 of this Court, located at 280 South First Street, San Jose, California, Defendant

24 Novellus Systems, Inc. ("Novellus") will move, and hereby does move, for an order dismissing with

25 prejudice Plaintiff Equal Employment Opportunity Commission's ("EEOC") complaint for failure to

26 state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6);

27 alternatively, Novellus will move, and hereby does move, for an order requiring Plaintiff to provide

28 a more definite statement.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S NOT OF MOT/MOTION TO DISMISS
OR FOR A MORE DEFINITE STATEMENT

No. C-07-4787 RS

The instant motion is based on this notice of motion and motion to dismiss; the memorandum of points and authorities in support thereof; the request for judicial notice in support thereof; all other papers submitted in connection with the motion; argument of counsel; and the complete files and records of this action.

Dated: November 21, 2007

/s/
JOHN C. KLOOSTERMAN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
NOVELLUS SYSTEMS, INC.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S NOT OF MOT/MOTION TO DISMISS
OR FOR A MORE DEFINITE STATEMENT    2.    No. C-07-4787 RS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff EEOC has pled no facts in its Complaint. This is not an exaggeration – the Complaint alleges ultimate legal conclusions (that, for example, Novellus allegedly subjected an individual named Michael Cooke to harassment) but fails to state any facts that support those conclusions. The Complaint does not even allege whether Mr. Cooke was a Novellus employee. By this motion, Novellus merely asks that this Court dismiss the EEOC's Complaint or order it to plead appropriate facts so Novellus can frame a responsive pleading.

## II. STATEMENT OF FACTS

Beyond asserting that Novellus is an employer and that the EEOC is an agency, the EEOC has pled no facts in its Complaint, which is why Novellus brings this motion. The Complaint merely alleges that "Michael Cooke filed a charge of discrimination with the EEOC." Complaint ¶6. It also alleges that "[s]ince at least January 2004, Defendant has engaged in unlawful employment practices at its facility in San Jose, California," and that "[t]hese practices including [sic] subjecting Mr. Cooke to racial harassment and to an offensive, abusive, intimidating, and hostile work environment on account of his race, African American." Complaint ¶6. Finally, the Complaint alleges that "the practices also include retaliating against and discharging (layoff) Mr. Cooke for complaining about the harassment." *Id.* That's it. The Complaint provides no facts beyond these conclusory statements of the EEOC's presumed legal theory. The EEOC provided more detail in the press release it issued the same day as the Complaint than it provided in its Complaint. See Novellus' Request for Judicial Notice, Exh. A.

## III. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) tests the legal sufficiency of a claim stated in the complaint. In ruling on such a motion, the court must decide whether the facts alleged, if true, would entitle the Plaintiff to some form of legal remedy. Rule 8(a) allows for "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a). Nevertheless, a Rule 12(b)(6) motion should be granted where there is an "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica*

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

DEF'S NOT OF MOT/MOTION TO DISMISS
OR FOR A MORE DEFINITE STATEMENT       3.       No. C-07-4787 RS

*Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). For example, a complaint or cause of action is subject to dismissal if it lacks allegations regarding an element necessary to obtain relief. *Fleming v. Lind-Waldock & Co.*, 922 F.2d 20, 24 (1st Cir. 1990). Moreover, while the factual allegations in a complaint should be accepted as true for the purpose of a Rule 12(b)(6) motion, conclusory legal allegations need not be accepted as true. *Western Mining Council v. Watt*, 643 F.2d 618, 624-625 (9th Cir.1981).

### IV. THE EEOC'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE ANY COGNIZABLE CLAIM AGAINST NOVELLUS

The Complaint does nothing more than allege that Novellus harassed Mr. Cooke, subjected him to a hostile work environment and retaliated against him. But the Complaint includes absolutely no facts that possibly could lead anyone to these conclusions. "[A] simple declaration that defendant's conduct violated the ultimate legal standard at issue . . . does not suffice" to plead a claim. *Creal v. City of Fairfield*, 2006 WL 2684359 at *2 (E.D. Cal. Sept. 9, 2006) citing *Gregory v. Daly*, 243 F.3d 687, 692 (2d Cir. 2001). See also, *Simpson v. Welch*, 900 F.2d 33, 35 (4th Cir. 1990) ("conclusory allegations of discrimination and harassment do not state a claim upon which relief can be granted"). Here, the EEOC has done nothing more than allege conclusory violations of the ultimate legal standard; accordingly, it has not pled a valid claim. It is impossible to discern under the above-discussed legal standard whether the Complaint states a cognizable claim because there are no facts for this Court to accept as true. If the EEOC is able to provide factual detail in a press release, it should certainly do so in its Complaint.

### V. ALTERNATIVELY, NOVELLUS IS ENTITLED TO A MORE DEFINITE STATEMENT

Rule 12(e) allows a party to move for a more definite statement if the Complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FRCP 12(e). The only requirement of the motion is that it "shall point out the defects complained of and the details desired." *Id.* The court has the discretion to "require such detail as may be necessary in the particular case." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). The standard for granting a motion for a more definite statement is:

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S NOT OF MOT/MOTION TO DISMISS
OR FOR A MORE DEFINITE STATEMENT      4.      No. C-07-4787 RS

where the allegations of a complaint are not sufficiently specific to enable a defendant to determine the propriety of interposing in his answer a waivable defense, [citations], or where, in the absence of certain information peculiarly within the knowledge of the plaintiff, the defendant cannot, in good faith, answer the complaint with a general denial, [citation].

*Clark v. McDonald's Corp.*, 213 F.R.D. 198, 233 (D.N.J. 2003). Here, Novellus more than meets the standard.

The EEOC's Complaint pleads absolutely no facts. Accordingly, it is impossible for Novellus to frame a responsive pleading because Novellus has no idea of the factual basis for the EEOC's claims. Novellus requests that the EEOC be ordered to plead its claim in enough detail for Novellus to be able to respond to it.

## VI. CONCLUSION

For the reasons discussed above, Novellus asks that this Court dismiss the Complaint or, alternatively, order the EEOC to plead facts sufficient to enable Novellus to frame a responsive pleading.

Dated: November 21, 2007

/s/
JOHN C. KLOOSTERMAN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
NOVELLUS SYSTEMS, INC.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S NOT OF MOT/MOTION TO DISMISS
OR FOR A MORE DEFINITE STATEMENT         5.         No. C-07-4787 RS