WILLIAM R. TAMAYO, #084965 (CA)
JONATHAN T. PECK, #12303 (VA)
SANYA HILL MAXION, #18739 (WA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105
Telephone: (415) 625-5650
Facsimile : (415) 625-5657

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>NOVELLUS SYSTEMS, INC.<br><br>Defendants. | CIVIL ACTION NO. C-07-4787-JW (RS)<br><br>**FIRST AMENDED COMPLAINT**<br>Civil Rights - Employment Discrimination<br><br>**JURY TRIAL DEMAND** |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation and to provide appropriate relief to Charging Party Michael Cooke, an African American, who was adversely affected by such practices. Defendant Novellus Systems, Inc., subjected Mr. Cooke to racial harassment and a hostile work environment. In addition, Defendant subjected Mr. Cooke to retaliation (discharge/layoff) following his complaints about the racial harassment.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

2. The unlawful employment practices alleged to be unlawful were committed in the City of San Jose, County of Santa Clara, California, which is within the jurisdiction of the United States District Court for the Northern District of California (San Jose Division).

## INTRA DISTRICT ASSIGNMENT

3. This action is appropriate for assignment to the San Jose venue because the unlawful practices were and are being committed within Santa Clara County, and Defendant's principal place of business is in Santa Clara County.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5 (1) and (3).

5. At all relevant times, Defendant Novellus Systems, Inc. ("Defendant") has continuously been doing business in the State of California, in the City of San Jose, County of Santa Clara, California, and has continuously employed at least fifteen employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e-(b), (g), and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Michael Cooke filed a charge of discrimination with the EEOC alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least January 2004, Defendant has engaged in unlawful employment practices at its facility located in San Jose, California, in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§2000e-2(a) and 2000e3(a). These practices including subjecting Mr. Cooke to racial harassment and to an offensive, abusive, intimidating, and hostile work environment on account of his race, African American. The practices also include retaliating against and discharging (layoff) Mr. Cooke for complaining about the harassment made unlawful

FIRST AMENDED COMPLAINT

by Title VII.

9. The conduct included, inter alia, one of Defendant's assembly technicians (whose name is known to Defendant), frequently making racially charged comments to Michael Cooke, playing and singing aloud to music lyrics that included anti-black racial epithets, such as the word "nigger" on a regular basis, demeaning Mr. Cooke by using the term "nigger please" and taunting Mr. Cooke by referring to California Governor Arnold Schwarzenegger as "Arnold what's a nigger" in Mr. Cooke's presence. The racial harassment was intimidating, offensive and unwelcome to Mr. Cooke. The racial harassment was open and notorious and Defendant's management knew or should have known of the harassment because Mr. Cooke complained about the harassment to management numerous times.

10. Despite Defendant's knowledge of the racial harassment, the conduct continued for approximately six months and no prompt or effective action was taken to end the harassment.

11. After Mr. Cooke complained about the racial harassment, Mr. Cooke was subjected to acts of retaliation for his protected activity, including changing his work schedule and was ultimately terminated on October 15, 2004.

12. The effect of the practices complained of above in paragraphs 8-11 has been to deprive Mr. Cooke of equal employment opportunities and to otherwise adversely affect his status as an employee because of his race, African American.

13. The unlawful employment practices complained of above in paragraphs 8-11 were intentional.

14. The unlawful employment practices complained of above in paragraphs 8-11 were and are done with malice and/or reckless indifference to the federally protected rights of Mr. Cooke.

////

////

////

////

FIRST AMENDED COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

**A.** Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination against its employees, including harassment based on race and retaliation.

**B.** Order Defendant to institute and carry out policies, practices, and programs which prohibit racial harassment and retaliation, and which eradicate the effects of its unlawful employment practices.

**C.** Order Defendant to make whole Mr. Cooke by providing compensation for past and future pecuniary losses caused by the above unlawful conduct, including, but not limited to, back pay and benefits, prejudgment interest, reinstatement and/or front pay and other appropriate relief, in amounts to be detennined at trial.

**D.** Order Defendant to make whole Mr. Cooke by providing compensation for past and future non-pecuniary losses caused by the above unlawful conduct, including pain and suffering, emotional distress, indignity, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial.

**E.** Order Defendant to pay Mr. Cooke punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

**F.** Grant such further relief as the Court deems necessary and proper in the public interest.

**G.** Award the Commission its costs of this action.

////
////
////
////
////
////
////
////

**FIRST** AMENDED **COMPLAINT**

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of facts by its complaints.

                                              RONALD S. COOPER  
                                              General Counsel

                                              JAMES L. LEE  
                                              Deputy General Counsel

                                              GWENDOLYN YOUNG REAMS  
                                              Associate General Counsel

                                              EQUAL EMPLOYMENT  
                                              OPPORTUNITY COMMISSION  
                                              Office of the General Counsel  
                                              1801 "L" Street NW  
                                              Washington, D.C. 20507

DATED: 1/10 ,2008                       _____  
                                              WILLIAM R. TAMAYO  
                                              Regional Attorney

DATED: 1/10 ,2008                       _____  
                                              JONATHAN T. PECK  
                                              Supervisory Trial Attorney

DATED: January 10, 2008               _____  
                                              SANYA HILL MAXION  
                                              Senior Trial Attorney

                                              EQUAL EMPLOYMENT  
                                              OPPORTUNITY COMMISSION  
                                              San Francisco District Office  
                                              350 The Embarcadero, Suite 500  
                                              San Francisco, California 94105  
                                              Telephone: (415) 625-5650