WILLIAM R. TAMAYO – #084965 (CA)
JONATHAN T. PECK -- #12303 (VA)
SANYA HILL MAXION --#18739 (WA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105
Telephone:    (415) 625-5650
Facsimile:    (415) 625-5657
Email: Sanya.Hill@eeoc.gov

Attorneys for Plaintiff Equal Employment Opportunity Commission

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>NOVELLUS SYSTEMS, INC.,<br><br>Defendant. | Civil Action No. C-07-4787-JW (RS)<br><br>[First Amended Complaint Filed: January 10, 2008]<br><br>**EEOC'S** OPPOSITION to DEFENDANT'S MOTION to DISMISS OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT<br><br>Date:        February 4, 2008<br>Time:        9:00 a.m.<br>Courtroom:   8<br>Judge: James Ware |

Plaintiff, Equal Employment Opportunity Commission ("EEOC" or "Commission"), by and through its undersigned co nsel, submits its Opposition to Defendant's Motion to Dismiss For Failure to State a Claim Upon Which Relief Can Be Granted under Fed.R. Civ. P. 12(b)(6).

## INTRODUCTION

Plaintiff EEOC brought this action on behalf of Charging Party Michael Cooke ("Charging Party")[1] who was subjected to a hostile work environment based on his race and who was terminated (discharged/laid off) in retaliation for complaining about the racial harassment in violation of Title VII. On November 21, 2007, Defendant filed an Amended Motion to Dismiss, or Alternatively, for a More Definite Statement. On January 10, 2008, the Commission filed a First Amended Complaint, which addresses Defendant's contention that it could not file a responsive pleading (Answer). The First Amended Complaint, filed as a matter of right under Fed. R. Civ. P. 15(a), has superseded the original Complaint. The First Amended Complaint states a Title VII claim of race harassment and retaliation upon which relief may be granted. Defendant's Motion should be dismissed as moot.

## ARGUMENT

**A. Plaintiff EEOC's First Amended Complaint Allows Defendant to File a Responsive Pleading**

After review and due consideration, EEOC filed, on January 10, 2008, a First Amended Complaint alleging a claim of racial harassment and retaliation, as follows:

> Since at least January 2004, Defendant has engaged in unlawful practices at its facility located in San Jose, California, in violation of Sections 703 (a)(1) and 704(a) of Title VII, 42 U.S.C. §§2000e-2(a)(1) and 2000e3(a). These practices include subjecting Mr. Cooke to racial harassment and to an offensive, abusive, intimidating and hostile work environment on account of his race, African American. These practices also include retaliating against and discharging (layoff) Mr. Cooke for complaining about the harassment made unlawful by Title VII.

> The conduct included, inter alia, one of Defendant's assembly technicians (whose name is known to Defendant), frequently making racially charged comments to Michael Cooke, playing and singing aloud to music lyrics that included anti-black racial epithets, such as the word "nigger" on a racial basis, demeaning Mr. Cooke by using the term "nigger please" and

---

[1] Individuals who file charges of discrimination with the EEOC are called "charging parties."

EEOC's Opposition to Defendant's Motion to
Dismiss, or Alternatively, for a More Definite
Statement

1

taunting Mr. Cooke by referring to California Governor Arnold Schwarzenegger as "Arnold what's a nigger" in Mr. Cooke's presence. The racial harassment was intimidating, offensive and unwelcome to Mr. Cooke. The racial harassment was open and notorious and Defendant's management knew or should have known of the harassment because Mr. Cooke complained about the harassment to management numerous times.

Despite Defendant's knowledge of the racial harassment, the conduct continued for approximately six months and no prompt or effective action was taken to end the harassment.

After Mr. Cooke complained about the racial harassment, Mr. Cooke was subjected to acts of retaliation for his protected activity, including changing his work schedule, and was ultimately terminated on October 15, 2004.

First Amended Complaint, Paragraphs 8 through 11, p. 2, lines 23-28, and p. 3, lines 1-15.

Although the Commission believes that its original complaint filed on September 18, 2007 satisfied the minimum notice pleading requirements of Fed. R. Civ. P. 8(a), the Commission sees no need to engage in further argument, or expend additional resources and time of the parties and the court, over what constitutes a satisfactory averment under Fed. R. Civ. P 8(e)(1) ("Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleadings or motions are required.").

Except in few circumstances (see Fed. R. Civ. P. 9), the Federal Rules only require that a defendant be given notice of a plaintiffs claims and do not require the plaintiff to plead detailed facts in support of its claims. The Supreme Court has rejected a heightened pleading standard in employment discrimination cases, noting that "a heightened pleading standard in employment discrimination cases conflicts with Federal Rules of Civil Procedure 8(a)(2)...." *Swierkiewicz v. Soremaa N.A.*, 534 U.S. 506, 512 (2002). All that is needed in a complaint is a short and plain statement of the claim showing that the pleader is entitled to relief. Although the Commission believes that the original complaint satisfied the notice pleading standard, to allay any uncertainty on the matter, a First Amended Complaint has been filed pursuant to Fed. R. Civ. P. 15(a). As noted in *Swierkiewicz* (citing *Conley v. Gibson*, 355 U.S.41, 48 (1957), "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Id. The Commission's First Amended Complaint, the only EEOC complaint pending, clearly allows defendant to frame a responsive

EEOC's Opposition to Defendant's Motion to Dismiss, or Alternatively, for a More Definite Statement

2

pleading. See Allwaste. *Inc.* v. Hecht, 65 F.3d 1523, 1532 (9th Cir. 1995)(where court held that a motion to dismiss for failure to state a claim is not a "responsive pleading" which would have precluded plaintiffs from amending their complaint as a matter of right pursuant to Fed. R. Civ. P. 15(a)).

### B. Plaintiff EEOC's Amended Complaint Properly Pleads Facts in Support of its Claims for Racial Harassment and Retaliation

In the present case, the EEOC's First Amended Complaint identifies the type of verbal conduct which is alleged to have occurred in this case, identifies some specific comments, the approximate time period, the job title of the harasser (The Commission does not name the harasser's identity to preserve his privacy and Defendant knows his name), that the Charging Party Mr. Cooke found the conduct unwelcome and offensive, that the conduct was open and notorious such that management knew or should have known of the conduct but took no prompt corrective action. In addition, the First Amended Complaint states that Mr. Cooke complained about the harassment numerous times and that, after his complaints, he was subjected to retaliation, including changing his work schedule, and ultimately terminating him October 15, 2004. See, e.g., EEOC *v. Miller v. Fairchild Indus.*, 885 F. 2d 498, 505 (9th Cir. 1989)(causal connection may be established in retaliation case by evaluating, among other things, proximity in time between protected activity and termination, whether management personnel who participated in the decisions to lay off plaintiffs were aware of plaintiffs' discrimination complaints). The EEOC's First Amended Complaint meets the *Swierkiewicz* standard and complies with Fed. R. Civ. P. 8(a).

### CONCLUSION

The Commission's original complaint has now been superseded by the First Amended Complaint, filed as a matter of right under Fed. R. Civ. P. 15(a). Defendant's Motion should be

////

////

EEOC's Opposition to Defendant's Motion to
Dismiss, or Alternatively, for a More Definite
Statement

3

1  denied as moot as the First Amended Complaint clearly satisfies Fed. R. Civ. P. 8(a), and is consistent
2  with the holding of Swierkiewicz, 534 U.S. 506, 512 (2002).

      Respectfully submitted,

Dated: January 11, 2008           By: _/s/ Sanya P. Hill Maxion_
                                            SANYA HILL MAXION
                                            Attorney for Plaintiff EEOC

EEOC's Opposition to Defendant's Motion to
Dismiss, or Alternatively, for a More Definite
Statement

4