WILLIAM R. TAMAYO, State Bar No. 084965 (CA)
JONATHAN T. PECK, State Bar No. 12303 (VA)
SANYA P. HILL MAXION, State Bar No. 18739 (WA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA  94105-1260
Tel: 415.625.5650
Fax: 415.625.5657

Attorneys for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

JOHN C. KLOOSTERMAN, State Bar No. 182625
JORJA E. JACKSON, State Bar No. 226707
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108-2693
Tel:  415.433.1940
Fax:  415.399.8490
E-mail:  kloosterman@littler.com
         jjackson@littler.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>          Plaintiff,<br><br>vs.<br><br>NOVELLUS SYSTEMS, INC.,<br><br>          Defendant. | Case No. C 07 4787 JW<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**<br><br>CMC Date: February 4, 2008<br>Room:     Courtroom 8<br>Time:     10:00 a.m.<br>Judge:    Hon. James Ware<br><br>Date of Filing:  January 25, 2008 |

The parties, Plaintiff Equal Employment Opportunity Commission ("EEOC" and/or "Plaintiff") and Defendant Novellus Systems, Inc.. ("Novellus" or "Defendant"), by and through their undersigned counsel, jointly submit this Joint Case Management Statement and Rule 26(f) Report in anticipation of the case management conference scheduled for February 4, 2008 at 10:00 a.m., in Courtroom 8 before the Honorable James Ware.

## I. JURISDICTION AND SERVICE

This Court has subject matter jurisdiction over all of Plaintiff's claims.  The Court has jurisdiction over Plaintiff's race discrimination and retaliation claims based on federal question pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343-1345.  All parties have been served and are subject to the Court's jurisdiction.  Defendant has not brought any counterclaims in this action.

## II. FACTS

### A. A Brief Description Of The Events Underlying The Action

#### 1. Plaintiff's Description Of The Case

The EEOC filed this action pursuant to the, to correct purportedly unlawful employment practices on Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 the basis of race and retaliation and to provide appropriate relief, if any, to Mr. Michael Cooke who was adversely affected by such practices.  Plaintiff EEOC alleges that Defendant subjected Mr. Cooke to racial harassment and a hostile work environment.  The conduct included, inter alia, one of Defendant's assembly technicians frequently making racially charged comments to Mr. Cooke, playing and singing aloud to music lyrics that included anti-black racial epithets on a regular basis and demeaning Mr. Cooke by using racial epithets in Mr. Cooke's presence.   Defendant's management knew about the harassment because Mr. Cooke complained about the harassment numerous times.  At least one manager was often present when the harassment occurred.  After Mr. Cooke complained about the harassment, he was subjected to acts of retaliation for his protected activity, including changing his work schedule and was ultimately terminated on October 15, 2004.  Mr. Cooke filed his EEOC charge in December 2004.  The EEOC investigated Mr. Cooke's charge and interviewed relevant witnesses, including the alleged harasser, and reviewed company records.  EEOC issued a "reasonable cause" determination on August 21, 2006.  Voluntary efforts at conciliation were unsuccessful, and September 18, 2007, the EEOC filed the instant action.

#### 2. Defendant's Description Of The Case

This case arises from the termination of Michael Cooke's employment following a reduction in force.  Defendant Novellus produces equipment used in the manufacture of

semiconductors. Novellus is based in San Jose, California but has facilities outside of California. At the time of his termination, Mr. Cooke was employed in the final assembly group in San Jose but was laid off as part of a mass reduction in force that occurred in October 2004 and affected employees in San Jose, Oregon and Arizona. Mr. Cooke was terminated because of his employee ranking, not because of his membership in a protected class or because of his complaint of harassment. In early 2004, several months before his termination, Mr. Cooke complained to his supervisor because a co-worker was singing along with rap music that contained racially offensive lyrics. Mr. Cooke's supervisors investigated and resolved Mr. Cooke's complaint. Mr. Cooke made no additional complaints of harassment to his supervisors or to anyone else at Novellus following the investigation and resolution of the rap music related complaint.

After he was laid-off, Mr. Cooke filed a charge with Plaintiff EEOC in December 2004. Plaintiff EEOC did not interview Novellus witnesses until November 2005, over a year after Mr. Cooke was laid-off, never interviewed the employee who had made the allegedly harassing remarks to Mr. Cooke, did not notify Novellus that it had reached a determination until late 2006 and did not engage in conciliation until early 2007. Plaintiff's dilatory actions negatively impacted Defendant's ability to defend itself against allegations regarding conduct that allegedly occurred several years prior. Further, until filing the press release that accompanied its initial Complaint in September 2007 and the few facts contained in its Amended Complaint, Plaintiff had refused to provide Novellus with any information about its investigation or the facts upon which it was basing its determination.

### III. LEGAL ISSUES

1. Whether Defendant engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964 by subjecting Mr. Cooke to racial harassment and a hostile work environment.

2. Whether Defendant engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964 by subjecting Mr. Cooke to retaliation following his complaints about the racial harassment.

JOINT CASE MANAGEMENT  3
STATEMENT & RULE 26(F) REPORT
C-07-4787-JW

3. Whether Mr. Cooke suffered economic loss because of the acts alleged in the Complaint;

4. Whether Mr. Cooke suffered emotional distress or pain and suffering as a result of the acts alleged in the Complaint;

5. Whether Mr. Cooke is entitled to any punitive damages.

## IV. MOTIONS

### A. Prior And Pending Motions

On November 21, 2007, Defendant filed an Amended Notice of Motion and Motion to Dismiss pursuant to Fed. R.Civ. P. 12(b)(6) or, Alternatively for a More Definite Statement. The hearing on that motion was scheduled for Monday, February 4, 2008, the same date as the Case Management Conference in this case. However, on January 10, 2008, Plaintiff filed an Amended Complaint and Defendant withdrew its pending motion. Defendant will file a responsive pleading to the Amended Complaint within the prescribed time period.

### B. Plaintiff's Anticipated Motions

Plaintiff does not anticipate filing a motion for summary judgment, but reserves the right to do so if it is later deemed appropriate.

### C. Defendant's Anticipated Motions

Defendant anticipates filing a motion for summary judgment.

## V. AMENDMENT OF PLEADINGS

Plaintiff filed an Amended Complaint on January 10, 2008.

## VI. EVIDENCE PRESERVATION

### A. Plaintiff's Actions

Plaintiff has preserved the EEOC's administrative file.

### B. Defendant's Actions

Defendant has preserved Mr. Cooke's personnel file and documents related to Plaintiff's claims. As stated above, the facts at the heart of Plaintiff's case occurred in 2004 and Defendant is prejudiced by Plaintiff's delay in investigating Mr. Cooke's claims and in bringing this action.

Accordingly, it is possible that potentially relevant documents were not preserved.

## VII. DISCLOSURES

Both parties agree to make the requisite initial disclosures under Federal Rule of Civil Procedure 26 on or before January 25, 2008.

## VIII. DISCOVERY

### A. Plaintiff's Discovery

Plaintiff has not yet begun discovery in this action. Plaintiff intends to pursue the following methods of discovery: interrogatories, document requests, requests for admissions, and depositions. Plaintiff has not yet determined which individuals it will depose. Plaintiff may also seek a Rule 34 inspection of premises.

### B. Defendant's Discovery

Defendant has not yet begun discovery in this action. Defendant will pursue the following methods of discovery: interrogatories, document requests, requests for admission and depositions.

### C. Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)

**1. Rule 26(f)(1): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under subdivision (a)(1) were made or will be made.**

**2. Rule 26(f)(2): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

**3. Rule 26(f)(3): Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties do not anticipate any issues relating to disclosure or discovery of electronically stored information. They agree to address any such issues in the event they arise.

**4. Rule 26(f)(4): Any issues relating to claims of privilege or of protection as to trial-preparation material, including – if the parties agree on a procedure to assert such claims after production – whether to ask the court to include their agreement in an order.**

The parties do not anticipate any issues relating to claims of privilege or of protection as to trial-

preparation material.  They agree to address any such issues in the event they arise.

      **5.    Rule 26(f)(5):  What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, and what other limitations should be imposed.**

      **6.    Rule 26(f)(6)  Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

At this time, the parties do not request any other orders that should be entered by the court under Rule 26(c), Rule 16(b), or Rule 16(c).

## IX.  CLASS ACTIONS

This case is not a class action.

## X.  RELATED CASES

There are no related cases.

## XI.  RELIEF

### A.  Plaintiff's Position

Plaintiff will seek the full panoply of damages available under the Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, including but not limited to back wages, compensatory and punitive damages, injunctive relief and any other affirmative relief necessary to eradicate the effects of the alleged unlawful practices.

### B.  Defendant's Position

Following trial, Defendant will request costs of suit and attorneys' fees.

## XII.  SETTLEMENT AND ADR

The parties agree to court-ordered mediation.

## XIII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The EEOC has declined to consent to the assignment of this case to a United States Magistrate Judge.  Defendant is willing to consent to the assignment of this case to a United States Magistrate Judge.

## XIV. OTHER REFERENCES

## XV. NARROWING OF ISSUES

At this time, there are no dispositive or partially dispositive issues appropriate for decision by motion or by agreement.

## XVI. EXPEDITED SCHEDULE

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

## XVII. SCHEDULING

The parties agree to the following proposed schedule:

 (a) Non-Expert Discovery to be completed by October 17, 2008.

 (b) Dispositive Motions to be heard by Monday, December 15, 2008.

 (c) Expert Discovery to be completed by November 14, 2008.

 (d) Pretrial Conference to be conducted on Monday, January 26, 2009 at 3:00 p.m.

 (e) Trial requested for Tuesday, February 9, 2009.

## XVIII. TRIAL

The parties estimate a 7-10 day trial.

## XIX. DISCLOSURE OF NON-PARTY INTERESTD ENTITIES OR PERSONS

   A. **Plaintiff's Disclosure**

To date, Plaintiff is not aware of any non-party entities or persons that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding. Plaintiff EEOC reserves the right to supplement this disclosure should additional facts become known to it during the discovery process.

### B. Defendant's Disclosure

To date, Defendant is not aware of any non-party entities or persons that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding. Defendant reserves the right to supplement this disclosure should additional facts become known to it during the discovery process.

## XIX. OTHER MATTERS

The parties are not aware of any other matters at this time conducive to the just, speedy, and inexpensive resolution of this matter.

Dated: January 24, 2008

U.S. EQUAL OPPORTUNITY COMMISSION

By /s/
William R. Tamayo
Jonathan T. Peck
Sanya P. Hill Maxion

Attorneys for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

LITTLER MENDELSON

Dated: January 24, 2008

By /s/
John C. Kloosterman
Jorja E. Jackson

Attorneys for Defendant
NOVELLUS SYSTEMS, INC.

Firmwide:84041527.1 054830.1001