1  WILLIAM R. TAMAYO - #084965 (CA)
2  JONATHAN T. PECK - #12303 (VA)
   SANYA P. HILL MAXION - #18739(WA)
3  EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION
4  San Francisco District Office
   350 The Embarcadero, Suite 500
5  San Francisco, California 94105
6  Telephone: (415) 625-5651
   Facsimile: (415) 625-5657
7
   Attorneys for Plaintiff
8

9  JOHN C. KLOOSTERMAN-State Bar No. 182625
   JORJA E. JACKSON-State Bar No. 226707
10 LITTLER MENDELSON
   A Professional Corporation
11 650 California Street, 20th Floor
12 San Francisco, CA 94108-2693
   Telephone: (415) 433-1940
13 Facsimile: (415) 399-8490

14
   Attorneys for Defendant
15

16            UNITED STATES DISTRICT COURT FOR

17         THE NORTHERN DISTRICT OF CALIFORNIA

18

19 U.S. EQUAL EMPLOYMENT              )  Case No.: C-07-4787
20 OPPORTUNITY COMMISSION,            )
                                      )
21          Plaintiff,                )
                                      )  CONSENT DECREE
22      vs.                           )
                                      )
23 NOVELLUS SYSTEMS, INC.,            )
                                      )
24                                    )
            Defendant.                )
25                                    )

26

27 _____

28

Consent Decree
EEOC v. Novellus Systems, Inc.
Civ. No. 07-04787-JW

IT IS SO ORDERED

*James Ware*

Judge James Ware

## I.    INTRODUCTION

1.  Plaintiff, the United States Equal Employment Opportunity Commission (EEOC), filed this action alleging that defendants, Novellus Systems, Inc., ("Defendant" or "Novellus") permitted Michael Cooke to be subjected to a racially hostile work environment based on his race, African American and that Defendant discharged Mr. Cooke in retaliation for complaining about racial harassment.

2.  On February 14, 2008, Defendant filed its Answer denying that it permitted Michael Cooke to be subjected to a hostile work environment or that he was discharged in retaliation for complaining about racial harassment.

3.  The EEOC and Defendant want to conclude fully and finally all claims arising out of the above action without the expenditure of further resources and expenses in contested litigation.    They enter into this Consent Decree to further the objectives of equal employment opportunity as set forth in Title VII.

## II.    NON-ADMISSION OF LIABILITY

1.  This Consent Decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission of a violation by Defendant.

## III.    PURPOSE OF THE DECREE

The parties have entered into this Consent Decree in order to achieve the following purposes:

a.  To avoid the time, expense and uncertainty of further litigation.

b.  To implement policies and procedures which prohibit racial harassment or retaliation.

c.  To provide for a payment to Mr. Cooke in order to resolve his alleged but contested claims of discrimination by Defendant.

## IV.    GENERAL PROVISIONS

1.  This Consent Decree is intended to and does effectuate the full, final, and complete resolution of all allegations of unlawful employment practices and discrimination arising from or relating to EEOC Charge Number 377-2005-00178 and the Complaint filed in

Consent Decree
EEOC v. Novellus Systems, Inc.
Civ. No. 07-04787-JW                    1.

1    <u>EEOC v. Novellus Systems, Inc.</u> Civil Action No.C-07-4787-JW pursuant to Title VII of the

2    Civil Rights Act of 1964.

3    2.    This Consent Decree in no way affects EEOC's right to process, in accordance with

4    standard Commission procedures, charges filed by other individuals against Defendant

5    alleging violations of Federal employment discrimination statutes.   Charges include any

6    pending as of the effective date of this Consent Decree and filed in the future.  Processing

7    includes the administrative investigation and conciliation and commencement of civil

8    actions on the basis of such charges.

9    3.    This Court has jurisdiction over the subject matter and the parties to this action.

10   4.    This Consent Decree constitutes a full resolution of   Plaintiff's Complaint and the

11   underlying charge of discrimination filed with the EEOC.

12   5.    This Consent Decree shall become effective upon its entry by the Court.

13   6.    Each party shall bear its own costs and attorney fees.

14   7.    The Court has reviewed the terms of this Consent Decree in light of the pleadings, the

15   record herein, and the applicable law, and now approves the Consent Decree in its entirety.

16                                      **V.    MONETARY RELIEF**

17   1.    In settlement of the EEOC's claims for employment discrimination alleged in the Complaint

18   or related to this lawsuit, Defendant agrees to pay the gross sum of $168,000.00  to Mr.

19   Cooke.

20   2.    Payment to Mr. Cooke shall be made no later than five (5) days after the entry of this

21   Consent Decree.  This payment shall be issued in a check drafted in Mr. Cooke's name and

22   delivered to Mr. Cooke by certified mail, or by monies deposited in Mr. Cooke's bank

23   account by wire transfer.   Defendant shall make payment to Mr. Cooke in the form of a

24   business check, cashier's check, certified check, or wire transfer.  Defendant also will issue

25   an IRS Form 1099 for the payment issued pursuant to this paragraph.

26

27

28

Consent Decree
EEOC v. Novellus Systems, Inc.
Civ. No. 07-04787-JW                          2.

a.    Defendant will mail a copy of the IRS Form 1099 to Sanya Hill Maxion, Senior Trial Attorney for the EEOC, at 350 The Embarcadero, San Francisco, CA 94105 simultaneously with the mailing of a copy of it to Mr. Cooke.

## VI.    GENERAL INJUNCTIVE RELIEF

1.    *Harassment*: Defendant, its officers, agents, managers (including supervisory employees), successors and assigns, and all those in active concert or participation with them, is enjoined from discriminating on the basis of race or permitting the existence of a work environment that is hostile to employees based on their race and prohibited under Title VII of the Civil Rights Act of 1964.

2.    *Retaliation*: Defendant, its officers, agents, managers (including supervisory employees), successors or assigns, and all those in active concert or participation with them, is enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any person who was identified as a possible claimant or witness in this action because they opposed any practice of harassment or other discriminatory acts on the basis of race made unlawful under Title VII; filed a Charge of Discrimination alleging any such practice; or testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by Defendant), proceeding or hearing in connection with this case.

## VII.    SPECIFIC INJUNCTIVE RELIEF

1.    Defendant will incorporate the following "Statement of Zero-Tolerance Policy and Equality Objectives" in its EEO and Harassment Policy:

> Defendant is firmly committed to maintaining a zero-tolerance policy concerning discriminatory harassment and retaliation against individuals who report harassment in the company's workplace; to swiftly and firmly responding to any acts of harassment and retaliation of which the company becomes aware; to implementing a disciplinary system that is designed to strongly deter future acts of harassment or retaliation; and to actively monitoring its workplace in order to ensure tolerance, respect and dignity for all people.

Consent Decree
EEOC v. Novellus Systems, Inc.
Civ. No. 07-04787-JW                    3.

2.    In order to accomplish the objectives embodied in the Statement of Zero-Tolerance Policy and Equality Objectives and this Consent Decree, Defendant shall further develop and implement the following policies, procedures and practices:

*EEO and Harassment Policies*

a.    Defendant agrees to issue a separate policy or modify its existing EEO & harassment policies, within ninety (90) days of signing the Consent Decree, such that the policies: (i) include definitions of discriminatory harassment, with specific reference to harassment based on race and music played in the workplace via radio and any and all audio-visual devices; (ii) include examples to supplement the definitions of harassment based on race, including the playing of music lyrics that contain racially derogatory terms and names that would be offensive to employees and create a hostile work environment; (iii) provide for substantial discipline and/or corrective action for incidents of discriminatory harassment; (iv) include strong non-retaliation language with examples to supplement the definition of retaliation, (v) provide for substantial discipline for incidents of retaliation; (vi) provide that complaints of harassment and/or retaliation will be accepted irrespective of whether they are made verbally or in writing; (vii) explain that Defendant will conduct a prompt and thorough investigation after a complaint is made or received and, where appropriate, will take remedial action upon conclusion of an investigation; and (viii) indicate that, promptly upon the conclusion of the investigation of a complaint, Defendant will communicate to the complaining party the results of the investigation and at least a general description of the remedial actions taken or proposed, if any.

b.    Defendant shall effectively disseminate its revised policies and procedures by:

i.    Distributing copies via e-mail or any other appropriate means to all

Consent Decree
EEOC v. Novellus Systems, Inc.
Civ. No. 07-04787-JW                    4.

1    current United States employees within 10 days of their adoption;

2        ii.    Giving a copy of the policy to and reviewing the policy with all new

3    United States employees upon the employees' hire.

4        c.    Defendant will submit a copy of the revised EEO and harassment policies to

5    EEOC at the same time it submits its report on the completion of training as

6    described below in Section IX.

7    ***Complaint Procedures***:

8        d.    Defendant agrees to revise its complaint policies and procedure, as set forth

9    herein, to encourage employees to come forward with complaints about

10   violations of its harassment policy. As part of the policy, Defendant shall

11   provide its employees with convenient, confidential and reliable mechanisms

12   for reporting incidents of harassment and retaliation. Defendant's complaint

13   procedure and harassment policy shall notify employees that they may lodge

14   a complaint with their immediate supervisor or their Human Resources

15   Business Partner and/or via the Novellus Ombudsman, and shall provide the

16   name and telephone numbers for their Human Resources Business Partner

17   and the Novellus Ombudsman. Contact information for their Human

18   Resources Business Partner and the Novellus Ombudsman also shall be

19   continuously posted in a prominent place at Defendant's business.

20       e.    Defendant will submit a copy of the complaint procedures to the EEOC at the

21   same time it submits its certification of completion of training as required by

22   Section IX.

23

24

25

26

27

28

Consent Decree
EEOC v. Novellus Systems, Inc.
Civ. No. 07-04787-JW          5.

*Supervisor Accountability.*

f.    Defendant agrees that it shall impose substantial discipline – up to and including termination, suspension without pay or demotion – upon any United States supervisor or manager whom Defendant determines has engaged in unlawful harassment or has knowingly permitted any such conduct to occur in his or her work area or among employees under his or her supervision, or who Defendant determines has retaliated against any person who complains or participates in any investigation or proceeding concerning any such harassment.

g.    Defendant shall communicate this policy to all current United States supervisors and managers when it disseminates its revised EEO and harassment policies or no later than 90 days after entry of this Decree if the policy does not require revision.

h.    Defendant shall communicate this policy to all other United States supervisors and managers at the time they are hired or promoted to supervisor/manager and subsequently, on an annual basis.

i.    Defendant agrees that it shall advise all United States managers and supervisors of their duty to actively monitor their work areas to ensure United States employee compliance with the harassment policy, and to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to their Human Resources Business Partner and/or the Novellus Ombudsman.

*Harassment Training*

j.    During the term of this Consent Decree, Defendant will present to its United States employees, including managers and supervisors, one two (2) hour mandatory anti-harassment training, covering prevention of harassment and the issues covered by the policy described in paragraph VII.2.a., above.

k.    The training shall be developed and presented by an outside professional, i.e. someone who is not employed by Defendant who is knowledgeable about Title VII and harassment issues and who has the background, skill and ability to educate Defendant's United States employees about the issue of discriminatory harassment in the workplace.  The training will include examples of the types of remarks and behavior that will not be tolerated.  The training will further inform each participant that he or she is responsible for knowing and complying with the contents of Defendant's EEO and harassment policies and procedures.

l.    United States supervisors and/or managers who will assume responsibility for enforcing Defendant's EEO and harassment policies shall also receive training on appropriate techniques for documenting and investigating complaints of harassment.  The training on investigative techniques can be included as a component of the mandatory discriminatory harassment training. The cost of the training described in paragraph j, above, shall be borne by Defendant.

m.    Following the training session, all participants shall be given a questionnaire through which they will be asked to critique the training and to provide suggestions to improve future training. Defendant will retain records of the training programs, copies of any materials distributed during the training, the dates on which it held the training and records identifying the persons who attended and those who did not attend.  Defendant will provide a copy of these records, the training materials and the completed post-training questionnaires to the Commission within thirty (30) days of completion of the trainings.

Consent Decree
EEOC v. Novellus Systems, Inc.
Civ. No. 07-04787-JW                              7.

## VIII.    EMPLOYMENT REFERENCES

1.    Defendant shall not disclose any information or make references to any charge of discrimination or this lawsuit in responding to employment reference requests for information about Michael Cooke.    Defendant will provide only neutral references in response to inquiries from prospective employers of Mr. Cooke.    In response to a specific inquiry, Defendant may disclose Mr. Cooke's dates of employment, position held and rate of pay, as requested.    However, in order for this provision to apply, Mr. Cooke must direct all persons seeking references to the Senior Vice President – Human Resources.

## IX.    REPORTING

1.    Within thirty (30) days after completion of the anti-harassment training described in Section VII.2.j., above, Defendant will send the EEOC appropriate verification of its completion of harassment training for its United States employees.

2.    Defendant shall submit a final report to the EEOC thirty (30) days before the Consent Decree expires containing a statement verifying its compliance with the terms of the Consent Decree.

## X.    RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE

1.    This Consent Decree shall terminate two (2) years from the date of entry by the court, unless EEOC petitions this court for an extension of the Decree because of noncompliance by Defendant.  If EEOC determines that Defendant has not complied with the Consent Decree, EEOC will provide written notification of the alleged breach to Defendant and will not petition the court for enforcement sooner than sixty (60) days after providing written notification.  The sixty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue.  If EEOC petitions the court and the court finds Defendant to be in substantial violation of the terms of the Decree, the court may extend this Consent Decree.

Consent Decree
EEOC v. Novellus Systems, Inc.
Civ. No. 07-04787-JW                    8.

1   2.   This Court shall retain jurisdiction over this action for the purposes of enforcing the

2      provisions of this Consent Decree. This Consent Decree shall expire by its own terms at the

3      end of two (2) years without further action by the parties at which time this lawsuit shall be

4      deemed dismissed with prejudice.

5                                         Respectfully submitted,

6

7      DATED: 6/19 , 2008

8                                       WILLIAM TAMAYO
                                       Regional Attorney
                                       U.S. EQUAL EMPLOYMENT
                                       OPPORTUNITY COMMISSION

9      DATED: 6/20 , 2008

10                                    JONATHAN PECK
                                       Supervisory Trial Attorney
                                       U.S. EQUAL EMPLOYMENT

11                                       OPPORTUNITY COMMISSION

12      DATED: June 20 , 2008

13                                    SANYA HILL MAXION
                                       Senior Trial Attorney

14                                       U.S. EQUAL EMPLOYMENT
                                       OPPORTUNITY COMMISSION

15

16     DATED: June 19 , 2008

17                                    JOHN C. KLOOSTERMAN
                                       LITTLER MENDELSON PC
                                       Attorneys for Defendant

18

19   APPROVED AND SO ORDERED:

20

21   Dated:  June 23, 2008

22                                     JAMES WARE
                                     United States District Judge

23

24

25

26

27

28   Consent Decree
      EEOC v. Novellus Systems, Inc.
      Civ. No. 07-04787-JW           9.